PER CURIAM.
Claimant, Sean Peckham, appeals a final order of the judge of compensation claims (“JCC”) and argues that the JCC erred in relying on the documentation of physician assistant (“PA”) Steve Switzer in determining that claimant was not entitled to temporary total disability (“TTD”) benefits from February 25, 2003, through September 16, 2003. We disagree and affirm. On February 11, 2003, claimant’s physician, *816 Dr. Robert Siegel, released claimant to light duty. On February 18, 2003, Dr. Siegel excused claimant from work until a follow-up visit scheduled for February 25, 2003, when his work status would be reevaluated. On February 25, 2003, claimant was seen by Dr. Siegel’s PA Switzer who noted claimant’s work status as “still on light duty.”
We find that the JCC’s well-reasoned order denying claimant TTD from February 26, 2003,[1] through the final hearing of September 16, 2003, is supported by competent, substantial evidence. See, e.g., Chavarria v. Selugal Clothing, Inc., 840 So.2d 1071, 1076 (Fla. 1st DCA 2003). The JCC found, in pertinent part, as follows:
The period between February 25, 2003[,] and the final hearing is the least clear of any of the periods. In terms of documenting the complaints Claimant voiced on two office visits (02.11.03 and 02.25.03), and the examination findings to prove the compensability of his claim, Claimant relies upon the efforts and documentation of Mr. Switzer (the physician’s assistant at GCIC). However, as regards the work status as of Mr. Switzer’s last interaction with Claimant (02.25.03), and coincidentally the last interaction of any medical professional at GCIC (or elsewhere) with Claimant, Claimant seeks to have the conclusion of Mr. Switzer (“He is still on light duty”) ignored in favor of the deposition testimony conjecture of Dr. Siegel ... Dr. Siegel opined in retrospect (when deposed in September 2003) that it would not be “unreasonable” for Claimant to have been off of work as of the February 25, 2003[,] examination by Mr. Switzer. However, the record does not support that it would have been, alternatively, unreasonable for the Claimant to have been on “light duty” as the medical records indicate. I conclude that the medical evidence supports that the medical professional (Mr. Switzer) upon whom Claimant relies regarding the compensability of this case, was in the best position to determine work status as of February 25, 2003[,] as he actually examined and/or interacted with Claimant that day. He, [n]ot Dr. Siegel, was the last person at the [clinic] to provide treatment or care to Claimant. Dr. Siegel’s testimony did not necessarily disagree with, contradict, or override that opinion which was rendered by his subordinate in his clinic and under his supervision and control, he merely opined that another status (TTD) would not have been “unreasonable.” I accept the conclusion that Claimant was released to light duty as of February 25, 2003.
We agree and, therefore, AFFIRM.
PADOVANO and LEWIS, JJ., concur; ERVIN, J., dissents with written opinion.

. Claimant was awarded TTD from February 18, 2003, through February 25, 2003, based on the opinion of his physician, Dr. Robert Siegel, that he not work during such time.